UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

DENNIS REEB,
individually and all others
similarly situated,

      Plaintiff,

v.

ALRO STEEL CORPORATION,

      Defendant.

Case No. 2:21-cv-12545

Hon.

_____

# CLASS ACTION COMPLAINT
# AND DEMAND FOR JURY TRIAL

Plaintiff Dennis Reeb ("Plaintiff"), by and through his attorney, brings this collective and class action against Defendant Alro Steel Corporation ("Alro") pursuant to the Fair Labor Standards Act of 1938, as amended ("FLSA"), and the New York Labor Law ("NYLL").

## NATURE OF THE ACTION

1. Defendant Alro is a privately-owned industrial supplies distributor headquartered in Jackson, Michigan, with locations in Illinois, Wisconsin, Indiana, Michigan, Pennsylvania, Ohio, Kentucky, North Carolina, Florida, and New York.

2. Plaintiff and all others similarly situated are non-exempt hourly workers who have been employed by Alro as warehouse employees throughout the

United States, pursuant to which their primary duty was to prepare metal orders for Alro clients.

3. Until 2020, Alro utilized a policy called "Alro Time," pursuant to which warehouse employees were expected and instructed to arrive at their workplaces no later than 15 minutes before their shifts began. However, Alro did not compensate warehouse employees for any of this pre-shift time during which they were performing compensable work or otherwise "engaged to wait" for work to begin, as discussed in further detail herein.

4. Warehouse employees typically worked 8.5-hour shifts, including a thirty-minute meal period, five days per week, not including "Alro Time." Thus, Alro systematically deprived nationwide warehouse employees ("Collective Members") of overtime pay on a weekly basis in violation of the FLSA and, with respect to warehouse employees in New York ("Class Members"), the NYLL.

5. As a result of this practice, Alro also systematically failed to provide Class Members with accurate wage statements as required by New York law.

## JURISDICTION

6. This Court has federal question subject-matter jurisdiction of this case pursuant to 28 U.S.C. § 1331 because this action is brought pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

7. This Court has supplemental jurisdiction over NYLL claims pursuant

to 28 U.S.C. § 1367 because the NYLL claims are so related to the FLSA claim such that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

8. This Court is the proper venue for this matter pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is headquartered in this District and has substantial and systematic contacts in this District.

## THE PARTIES

9. Plaintiff is a citizen of New York, residing in Niagara County. Alro employed Plaintiff as a third shift warehouse employee from approximately May 2017 until April 2021 at Alro's Tonawanda, New York location. Plaintiff is a member of both the putative Collective and putative Class as defined herein. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint. (Exhibit A).

## SUBSTANTIVE ALLEGATIONS

10. As discussed above, Collective and Class Members are individuals employed by Alro who have worked at Alro warehouses throughout the United States.

11. Pursuant to Alro policies and practices during the relevant time periods, Collective and Class Members were expected and instructed to arrive at work 15

minutes early if they had a meeting. Because meetings at the beginning of each scheduled shift were a daily occurrence at Alro locations, Collective and Class Members were expected and instructed to arrive at work 15 minutes early every day they worked. For example, for shifts scheduled to start at 10:00 p.m., pre-shift meetings would start promptly at 10:00 p.m., but Collective and Class Members were expected and instructed to arrive not later than 9:45 p.m. As previously noted, Alro referred to this 15-minute period as "Alro Time."

12. During Alro Time, Collective and Class Members were expected and instructed to change into their work clothes and PPE on-site. Work clothes and PPE included, for example, Kevlar sleeves and cut resistant gloves, steel-toed boots, hard hats, safety glasses, and cut-resistant pants and shirts. As explained by Alro in its employee handbook, uniforms and PPE are required "not only for appearance but also for safety." Indeed, Collective and Class Members regularly worked with metals that were extremely sharp, heavy, and potentially lethal.

13. During Alro Time, Collective and Class Members were also required to make their way from the locker room to the warehouse floor and, if necessary, wait for instruction in their pre-shift meetings either in a break room or on the floor.

14. During Alro Time—during which Collective and Class Members were expected and instructed to be present—Collective and Class Members were unable to leave the premises and otherwise unable to use the time effectively for their own

4

purposes and were therefore "engaged to wait" during Alro Time, which is thus compensable under federal and state law. *See* 29 C.F.R. § 785.15; *Albrecht v. Wackenhut Corp.*, 379 F. App'x 65, 68, 2010 WL 2134312, at *2 (C.A.2 (N.Y.) May 28, 2010) (requirement to report to post 15 minutes before start of scheduled shift "may well be compensable"); *IBP, Inc. v. Alvarez*, 546 U.S. 21, n. 8 (2005); *Perkins v. Bronx Lebanon Hosp. Ctr.*, 2016 WL 6462117, at *3 n.6 (S.D.N.Y. Oct. 31, 2016) ("The NYLL incorporate[s] [the] FLSA['s] standards for determining whether time worked is compensable time.").

15. Alro expected and instructed Collective and Class Members to comport with the requirements of Alro Time.

16. The stated purpose of Alro Time was to ensure that Collective and Class Members were "at [their] work station ready to go on time." Thus, Alro Time was primarily for the benefit of Alro, as Alro designated this time for Collective and Class Members to take necessary preparations so they could start their scheduled shift immediately at the designated time.

17. Collective and Class Members were never paid for Alro Time—they were simply paid for the length of their shift and any extra time worked only *after* the end of the schedule shift.

18. It would have been administratively simple for Alro to have compensated Collective and Class Members for Alro Time, because Alro's

5

timekeeping system logged exactly when Collective and Class Members punched in each day. Rather than do that, Alro simply ignored Alro Time and paid Collective and Class Members based on when their shifts were scheduled to start.

19. Plaintiff and Collective and Class Members all clocked in and worked some amount of compensable Alro time before Defendant started paying them for their shift, even though they may not have always arrived the full 15 minutes of Alro Time as expected and were not consistently disciplined for failing to do so.

20. This uncompensated time was not *de minimus*.

21. Because Collective and Class Members consistently worked 8-hour scheduled shifts, 5 days per week, the above-described practice concerning Alro Time meant that Collective and Class Members consistently perform in excess of 40 hours of compensable worktime per week for which they were not adequately compensated.

22. Alro's use of Alro Time was not in good faith, nor was it reasonable, as Alro had no reasonable grounds to believe that failing to compensate employees for time they were expected and instructed to be at work was not a violation of the FLSA. Nor did Alro take active steps to ascertain the dictates of the FLSA and then act to comply with them with respect to Alro Time. Further, once Alro had received complaints regarding Alro Time and was on notice that Alro Time was an illegal practice, it did not compensate Collective and/or Class Members. Thus, Alro knew

of and/or showed reckless disregard for the issue of whether Alro Time violated the FLSA.

23. Moreover, because Alro did not calculate Alro Time as compensable work, Collective and Class Members' wage statements did not accurately reflect their overtime hours worked.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff's claim for overtime damages and penalties under the FLSA is brought on behalf of himself and all others similarly situated ("Collective Members"). This putative collective is defined as:

> "All current and former individuals employed by Alro as warehouse employees within the three-year period immediately preceding the filing of this action and the time at which Alro discontinued its 'Alro Time' practice."

25. Plaintiff and Collective Members are similarly situated pursuant to 29 U.S.C. § 216(b) because each of them were subject to "Alro Time" and the resulting failure to pay overtime compensation to Collective Members for hours worked in excess of 40 per week.

## CLASS ACTION ALLEGATIONS

26. Plaintiff's claim for overtime damages and wage statement penalties under the NYLL is brought on behalf of himself and all others similarly situated ("Class Members"). This putative class is defined as:

> "All current and former individuals employed by Alro as warehouse employees in New York within the six-year period immediately preceding the filing of this action."

## A. ASCERTAINABILITY

27. Plaintiff is informed and believes that the identities of Class Members are ascertainable through Alro's personnel records.

## B. NUMEROSITY

28. Plaintiff is informed and believes that there are approximately 100 Class Members, and that it would be impracticable to bring them all before the Court.

## C. COMMONALITY

29. Questions of law and fact common to Class Members include:

- whether "Alro Time" is compensable time worked under New York law
- if so, whether Class Members were paid for "Alro Time"
- if not, whether Alro must compensate Class Members for "Alro Time" at the rate of 1.5 times their regular rate of pay
- if "Alro Time" is compensable, and Class Members were not compensated for "Alro Time," whether Class Members' wage statements were inaccurate.

30. Issues common to the class can be resolved with class wide evidence, including evidence that "Alro Time" effectively resulted in Class Members to be "engaged to wait" before their shifts without compensation, and evidence that this systematic under-compensation resulted in Class Members receiving inaccurate wage statements during every pay period during the relevant time period.

**D.     TYPICALITY**

31.    Plaintiff's claims are typical, if not identical, to the claims that could be asserted by all Class Members, as Plaintiff's claims arise from Alro's overtime and wage statement violations applicable to all Class Members as described herein.

32.    Plaintiff will adequately represent the interests of Class Members because there are no conflicts between Plaintiff and any Class Members and because Plaintiff's counsel has the experience and skill to zealously advocate for the interests of Class Members.

**F.     PREDOMINANCE**

33.    Common issues predominate over individualized inquiries in this action because Alro's liability for overtime and wage statement violations arising from "Alro Time" can be established as to all Class Members.

**G.     SUPERIORITY**

34.    There are substantial benefits to proceeding as a class action that render proceeding as a class superior to any alternatives, including the fact that it will provide a realistic means for Class Members to recover damages and penalties; it would be substantially less burdensome on the courts and the parties than numerous individual proceedings; many Class Members may be unaware that they have legal recourse for the conduct alleged herein; and because issues common to Class Members can be effectively managed in a single proceeding.

## FIRST COUNT
## FAILURE TO PAY OVERTIME
## 29 U.S.C. § 207
### (On Behalf of all Collective Members )

35. Plaintiff, on behalf of himself and all Collective Members, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

36. The FLSA states that an employee must be paid wages equal to one and one-half (1.5) times the employee's regular rate of pay for all hours worked in excess of 40 per week.

37. Collective Members, including Plaintiff, have worked in excess of forty (40) hours per week on a regular basis but have not been paid overtime premium pay for all hours worked beyond 40 in a week.

38. Accordingly, Collective Members are entitled to damages for Alro's failure to pay overtime wages in violation of the FLSA.

39. Further, as described herein, Alro's actions were not in good faith, nor did Alro have reasonable grounds for believing its actions were not in violation of the FLSA. Accordingly, Collective Members are entitled to liquidated damages pursuant to 20 U.S.C. § 260.

## SECOND CLAIM
## FAILURE TO PAY OVERTIME
## 12 NY ADC 142-2.2
### (On Behalf of all Class Members)

40.     Plaintiff, on behalf of himself and all Class Members, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

41.     The Minimum Wage Act, NYLL § 650, *et seq.*, and specifically NYLL § 655-656, delegated authority to the New York State Commissioner of Labor to issues regulations governing not just minimum wage, but also overtime pay. Pursuant to this authority, the Commissioner promulgated 12 NY ADC 142-2.2, which states, in relevant part, that an employee must be paid wages equal to one and one-half (1.5) times the employee's regular rate of pay for all hours worked in excess of 40 per week. NYLL § 663 provides that employees may bring a civil action for any underpayment of wages, including overtime wages, to which he or she is entitled under the Minimum Wage Act and attendant regulations, including 12 NY ADC 142-2.2. Similarly, NYLL § 198(1-a) provides that employees may recover the full amount of any underpayment of wages in a court action.

42.     Class Members, including Plaintiff, have worked in excess of forty (40) hours per week on a regular basis but have not been paid this premium pay for hours worked in excess of 40 in a week.

11

43. Accordingly, Class Members are entitled to damages for Alro's failure to pay overtime wages in violation of New York law.

44. Further, as described herein, Alro's actions were not in subjective good faith. Accordingly, Class Members are entitled to liquidated damages pursuant to NYLL §§ 663(1) and/or 198(1-a).

### THIRD CLAIM
### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
### NY LABOR § 195(3)
### (On Behalf of all Class Members)

45. Plaintiff, on behalf of himself and all Class Members, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

46. NYLL § 195(3) provides that "[f]or all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

47. By failing to pay Class Members for "Alro Time," Alro's wage statements have necessarily inaccurately reflected Class Members' number of overtime hours worked.

48. Accordingly, Alro is subject to penalties pursuant to NYLL § 198(1-d),

which provides for recovery in a civil action of fifty dollars for each workday that the wage statement violations occurred, not to exceed a total of five thousand dollars.

## PRAYER FOR RELIEF

Plaintiff prays for relief as follows:

a. Certification of this action as a collective and class action;

b. Designation of Plaintiff as representative of the putative Collective and Class;

c. Designation of Plaintiff's counsel as counsel for the putative Collective and Class;

d. Damages for failure to pay overtime wages to Collective Members and Class Members pursuant to 28 U.S.C. § 216(b) and 12 NY ADC 142-2.2, NYLL §§ 198(3) and 663(1);

e. Liquidated damages for failure to pay overtime wages to Collective Members and Class Members as provided by 28 U.S.C. § 216(b) and NYLL §§ 663(1) and/or 198(1-a);

f. Penalties for failure to provide accurate wage statements to be paid to Class Members pursuant to NYLL § 198(1-d);

g. Attorneys' fees pursuant to 29 U.S.C. § 216(b), NYLL §§ 663(1) and/or 198(1-a), and NYLL 198(1-d);

h. Costs of litigation pursuant to 29 U.S.C. § 216(b), NYLL §§ 663(1) and/or 198(1-a), and NYLL 198(1-d);

i. Pre-judgment interest pursuant to federal law, if applicable, and NYLL §§ 663(1) and/or 198(1-a);

j. Post-judgment interest pursuant to 28 U.S.C. § 1961(a) and NY CLPLR § 5001, *et seq.*; and

k. Any other relief the Court deems proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby respectfully demands a trial by jury in this matter.

Respectfully submitted,

| | |
|---|---|
| /s/ David M. Blanchard | Matthew D. Carlson |
| David M. Blanchard (P67190) | (State Bar No. 273242) |
| Frances J. Hollander (P821800 | *Application for admission forthcoming* |
| BLANCHARD & WALKER, PLLC | LAW OFFICE OF MATTHEW D. CARLSON |
| 221 N. Main Street, Suite 300 |  |
| Ann Arbor, MI 48104 | 3959 N. Buffalo Road, Suite 29 |
| (734) 663-7550 | Orchard Park, NY 14127 |
| blanchard@bwlawonline.com | Telephone: (716) 242-1234 |
| hollander@bwlawonline.com | mdcarlson@mdcarlsonlaw.com |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |

Dated:  October 28, 2021