UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS REEB,

               Plaintiff,

v.

ALRO STEEL CORPORATION,

               Defendant.

_____/

Case No. 2:21-cv-12545

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING PLAINTIFF'S UNOPPOSED
MOTION FOR APPROVAL OF OPT-IN SETTLEMENT AND FOR
ATTORNEYS' FEES, COSTS, AND NAMED PLAINTIFF SERVICE AWARD**

In November 2022, the parties reported that they had "reach[ed] a settlement in principle to resolve all claims." ECF 39, PgID 1954. The Court thus stayed and administratively closed the case and also set a deadline for the parties to move for Court approval of a settlement agreement. ECF 40, PgID 1958. The Court also clarified that it would lift the stay after the parties filed the proposed settlement agreement. *Id.*

Plaintiff Dennis Reeb moved the Court to approve the opt-in settlement agreement. ECF 43. Defendant did not oppose the motion. *Id.* at 1964–65; *see* ECF 43-2, PgID 2011 (settlement agreement). After review of the proposed settlement agreement, the Court finds that the settlement is a fair and reasonable resolution of the present Fair Labor Standards Act (FLSA) dispute. *See Sharier v. Top of the Viaduct, LLC*, No. 5:16-cv-343, 2017 WL 961029, at *2 (N.D. Ohio Mar. 13, 2017) (collecting cases).

1

The Court will therefore (1) approve the settlement as fair and reasonable, (2) approve payment from the settlement fund for Plaintiff's attorney fees, (3) approve payment from the settlement fund for Plaintiff's out-of-pocket litigation expenses, (4) approve a service award from the settlement fund to Plaintiff Dennis Reeb, (5) approve payment from the settlement fund for the third-party settlement administrator, (6) dismiss the case with prejudice, and (7) reserve exclusive and continuing jurisdiction over the present action to supervise, implement, and enforce the settlement and this Order.

**WHEREFORE**, it is hereby **ORDERED** that the Clerk of the Court must **LIFT** the stay and **REOPEN** the case.

**IT IS FURTHER ORDERED** that Plaintiff's unopposed motion for approval of the opt-in settlement and for attorneys' fees, costs, and named Plaintiff service award [43] is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1. This Order **INCORPORATES BY REFERENCE** the definitions in the Final Settlement Agreement and Release (Settlement) and all terms defined in it have the same meaning in this Order. *See* ECF 43-2, PgID 2002–05.

2. The Court will **APPROVE** the Settlement as a fair, equitable, and reasonable resolution of a bona fide dispute under the FLSA.

3. The Court will **APPROVE** the gross settlement amount of $456,000.00 and releases in exchange for it.

4. The Court will **GRANT** Plaintiff's request for a service award of $10,000.00. The Court finds that the payment is reasonable considering Plaintiff's willingness to assert claims on behalf of his co-workers, his work performed on the case, and his broad, general release of claims.

5. The Court will **GRANT** Plaintiff's request for attorneys' fees in the amount of $152,000.00, which is one-third of the gross settlement amount. The payment reflects fees awarded in other class or collective actions; adequately considers the benefits to the opt-ins; adequately reflects society's interest in rewarding and incentivizing cases like the present one; adequately reflects the contingent nature of the recovery; tracks counsel's lodestar and a reasonable multiplier; adequately reflects the complexity of the case; and adequately reflects the skill and standing of counsel.

6. The Court will **GRANT** Plaintiff's request for litigation costs not to exceed $5,000.00. The amount is reasonable and reflects actual and anticipated litigation costs necessary to advancing the present action. If any portion of the amount is not used to reimburse counsel for their actual litigation costs, such amount must be included in the distribution to opt-ins.

7. The Court will **GRANT** Plaintiff's request for payment to the third-party settlement administrator, not to exceed $12,000.00.

The Court finds the amount reasonable.

8. The Court will **APPROVE** the plan of distribution in the Settlement, and the Court will **DIRECT** that the settlement funds be **DISTRIBUTED** in line with the Settlement.

9. The Court will **APPROVE** the National Employment Law Project as cy pres beneficiary of the Settlement and finds that its interests reasonably reflect the claims being pursued in the present action.

10. The Court will **GRANT** Plaintiff's request to withdraw the opt-in forms of Diersahawta Johnson and Tamon Stephen, Jr. because the parties could not verify that either of these individuals worked for Defendant during the relevant time.

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court will **RESERVE** exclusive and continuing jurisdiction over the present action, named Plaintiff, and the FLSA collective to supervise the implementation and enforcement of the Settlement, this Order, and all settlement administration matters

This is a final order that closes the case.

**SO ORDERED.**

                                            s/ Stephen J. Murphy, III
                                            STEPHEN J. MURPHY, III
                                            United States District Judge

Dated: December 16, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 16, 2022, by electronic and/or ordinary mail.

                                            s/ David P. Parker
                                            Case Manager